SYLVESTER *v*. SMITH.

1. Trusts—Actual Fraud—Evidence.

In suit by two daughters of deceased by his second wife against his daughter by his first wife to establish a trust in the proceeds of a life insurance policy, record *held*, to contain no evidence to sustain any charge of actual fraud on the part of defendant.

2. Same—Proceeds of Insurance Policy—Equal Division of Estate—Power of Attorney.

In suit by two daughters of deceased by his second wife against his daughter by his first wife to establish a trust in the proceeds of a life insurance policy in which defendant had been designated as beneficiary at request of insured, an expression of intention on insured's part that he intended that his estate should be divided equally among his three daughters is insufficient to change the policy where record fails to disclose defendant was designated beneficiary for purpose of so dividing the property and the designation was unnecessary for borrowing on policies for the benefit of deceased in view of existence of previously executed power of attorney in which power to borrow on insurance policies was specifically provided for.

3. Same—Good Faith—Burden of Proof—Constructive Trust—Evidence.

Claim that defendant, who was entrusted with the handling of her father's business and had an unlimited power of attorney under which to act, had burden of showing bona fides of transaction in which she became the sole beneficiary under a life insurance policy is untenable where, although power of attorney was executed previously to change of designation of beneficiary to defendant, there is no proof that an equal division of his property among his three daughters was the intention of deceased when making the change nor is there evidence which justifies constructing a trust for that purpose.

---

Requirement of manifestation of intention to create a trust, see 1 Restatement, Trusts, § 23; mode of manifestation of such intention, § 24.

Creation of a trust in which subject matter is policy of life insurance, see 1 Restatement, Trusts, § 17, comment (g), and § 84, comment (b).

Appeal from Wayne; Spier (James E.), J., presiding. Submitted January 7, 1941. (Docket No. 18, Calendar No. 41,367.) Decided March 11, 1941. Rehearing denied May 21, 1941.

Bill by Katherine G. Sylvester and another against Gertrude G. Smith to establish a trust in the proceeds of a life insurance policy. Decree for plaintiffs. Defendant appeals. Reversed and bill dismissed.

*Leo W. Pigott* (*Duncan C. Beath,* of counsel), for plaintiffs.

*Robert H. Meriwether,* for defendant.

McAllister, J. Plaintiffs, Katherine G. Sylvester and Elizabeth G. Spencer, are daughters of Theodore M. Gray, deceased, by his second wife. Defendant Gertrude Smith is a daughter of deceased by his first wife. Plaintiffs brought their bill to establish a trust in the proceeds of a life insurance policy of the face value of $10,000, which deceased had caused to be made payable to defendant. The trial court awarded plaintiffs a decree determining the fund to be a trust and directed it to be divided among the parties. Defendant appeals.

The policy in question was taken out by deceased in 1908, and provided for payment, in case of death, to Penelope Gray, his second wife. Mrs. Gray, however, died in 1929; and in June, 1932, deceased had the policy changed to be made payable to his executors, administrators, and assigns. It was testified to by the insurance agent making the change that it was effected in order to enable Mr. Gray to borrow on the policy. Such borrowings were made by the deceased from time to time until March 31, 1936, when he made personal application to the insurance

company to change the beneficiary named in the policy to his daughter Gertrude, defendant herein. He had previously executed a will, naming Gertrude as executrix, and providing for an equal sharing of his estate by his daughters; and he had, further, approximately three weeks before the change of beneficiary in the insurance policy, executed a power of attorney to Gertrude, giving her the right of access to his safe deposit box and all papers and policies, and the power to borrow money on his insurance policies, or to cash them, whenever she deemed it necessary and advisable for his use and benefit. On November 16, 1939, Mr. Gray was involved in an automobile accident, and died two days later, as a result of his injuries.

It is the claim of the plaintiffs that the deceased named defendant as the beneficiary in the insurance policy in question solely for the purpose of borrowing on the policy according to his needs; that he had suffered a slight stroke and was fearful of others to follow; and that he wished to avoid the trouble of conducting such business transactions in such a physical condition. It is further claimed that it was the intention of the deceased that the proceeds of such policy should be equally divided among his daughters in case of his death, and that the defendant as beneficiary therein would accept the proceeds in trust for the purposes of such a division.

In order to sustain such contention, plaintiffs adduced evidence to show that the deceased did not discriminate between his daughters, and that he repeatedly stated that all of his property was to be divided among them at his death. He apparently was devoted to his children, and they returned his love and affection.

It appears that each of the plaintiffs received $1,200 from life insurance policies made payable to them and shared equally with all of deceased's chil-

dren in his real estate. Defendant received a policy of $2,500 in addition to being made beneficiary in the policy in question which has a cash value, at the present time, of $7,500. While some claim of actual fraud was injected on the part of the plaintiffs, this was largely abandoned on the argument of the case, and the only fraud claimed was in the nature of a constructive fraud. In any event, we find no evidence to sustain any charge of actual fraud on the part of defendant.

We have carefully reviewed the record and can find nothing therein upon which a trust can be predicated. The expression of intention on the part of deceased cannot avail to change the terms of the policy making defendant the beneficiary therein. Mr. Gray personally requested the change to be made by the insurance company. There is no evidence to show that defendant was designated as beneficiary in order to carry out a trust which consisted of seeing that the proceeds of the policy were equally divided among the daughters of deceased; and it was wholly unnecessary to designate the defendant as the beneficiary therein for the purpose of borrowing for the benefit of deceased, as she would have had this power to act under the power of attorney which specifically provided therefor.

It is claimed, however, that, because defendant was entrusted with the handling of her father's business and was given an unlimited power of attorney for such purposes, she stood in a fiduciary relationship to him and has the burden of showing the bona fides of the transaction in which she became the beneficiary of the insurance policy. But plaintiffs confuse the question on which defendant must prove good faith. There is no question of her good faith with regard to having been made beneficiary. It must be remembered that the change of beneficiary

was made by deceased; and it is admitted that the signature of the deceased to the application to have the beneficiary changed was voluntary on his part, and that there was no fraud in such transaction. It is, however, maintained that the fraud was in the failure to carry out the trust that was intended; but proof that such was the intention of deceased when he made the change of beneficiary in the policy is totally lacking. We are left only with the evidence that statements claimed to have been made by deceased were to the effect that his property was to be divided at his death equally between his daughters. Whatever his statements of intention may have been, they are insufficient as evidence to overcome the effect of his action in changing the policy providing otherwise. No evidence in the case justifies constructing a trust as contended for by plaintiffs.

The decree of the trial court is vacated, and plaintiffs' bill is dismissed, with costs to defendant.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.